CARNEY v. BOSTON & M. R. R.
Civil Action No. 7909.

United States District Court
D. Massachusetts.

Jan. 20, 1949.

William T. McCarthy, U. S. Atty., and Richard Maguire, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

Parker Brownell, of Boston, Mass., for defendant.

WYZANSKI, District Judge.

Plaintiff, an ex-service man, seeks restoration of employment pursuant to the provisions of § 8(b) of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 308(b). For many years he had had a permanent position with defendant. August 20, 1943, he applied for induction in the armed forces. Since the local quota was then filled, he was put on the October call. On August 30 he voluntarily resigned from defendant's employ. There is no direct evidence or stipulation as to the reason for the resignation. Plain-tiff's contention is that in view of other facts the Court should infer that he left with the purpose of performing military service. On September 8, 1943, he applied for a job at Hockmeyer Brothers, Inc. He told the foreman (who had authority to recommend but not to employ) that he was going into the service and would not be working for more than two months. Hockmeyer's superintendent, not knowing of that conversation but acting on the favorable recommendation of the foreman, hired him first as a permanent part-time and then as a permanent full-time worker. Plaintiff reported for military duty November 19, 1943.

The precise factual issue is whether plaintiff left his employment with defendant "in order to perform * * * training and service." I find as a fact that he left, not for that purpose, but for the purpose of taking another job. It may be assumed that when he resigned from the railroad plaintiff knew he was going into the service soon. But neither the Army nor defendant wanted him to abandon railroad employment in August. He chose to go then because he wanted another type of civilian job for the months of September and October. The case is not like that of a man who, knowing he is about to be inducted, leaves his permanent employment with the intent of taking a short pre-service vacation and then unexpectedly interrupts his vacation to do an odd task or two which both he and his casual employer treat as merely temporary employment. Here it does not appear (1) that plaintiff left with the purpose of taking a pre-service vacation, or (2) that the interruption of the vacation was unexpected, or (3) that the interruption was for a job regarded by his new employer as temporary. Moreover, if it be important, it would seem that plaintiff in this case has acquired statutory rights of restoration to employment by Hockmeyer. And it would be anomalous for the statute to be interpreted so as to give a veteran alternative rights against successive employers.